UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSE CARLOS LOPEZ,

        Plaintiff,

  v.

G. D. LEWIS, et al.,

        Defendants.

No. C 12-4277 YGR (PR)

**ORDER GRANTING PLAINTIFF'S MOTIONS FOR RECONSIDERATION; DENYING HIS MOTION FOR REIMBURSEMENT; REOPENING ACTION; AND INSTRUCTIONS TO CLERK AND COURT'S FINANCE OFFICE**

## INTRODUCTION

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner. Plaintiff was ordered to file a complete application to proceed *in forma pauperis* ("IFP"), or pay the filing fee of $350.00, within thirty days or face dismissal of the action.

In an Order dated October 31, 2012, the Court determined that the deadline had passed and Plaintiff has not filed a complete IFP application or paid the full filing fee. Therefore, the Court dismissed the action without prejudice to Plaintiff paying the full filing fee or filing a complete IFP application.

Before the Court are Plaintiff's motions for reconsideration of the Court's October 31, 2012 Order of Dismissal. (Docket Nos. 10, 11, 16.) Also before the Court is Plaintiff's motion entitled, "Motion for Reimbursement for Non-Pay of Extra $75.00 For Old Case [Case No. C 06-4772 NJV (PR)]."[1] (Docket No. 11.)

## BACKGROUND

On August 14, 2012, Plaintiff filed a *pro se* prisoner complaint under 42 U.S.C. § 1983. Plaintiff also filed a completed IFP application; however, he did not file copies of his certificate of funds and prisoner trust account statement.

On the same date, the Clerk of the Court notified Plaintiff that his IFP application was deficient due to the failure to include a signed certificate of funds and a prisoner trust account

---

[1] Plaintiff incorrectly indicated that the case number for his prior action is "C 06-4722 SI (PR)." (Docket No. 11.) However, the correct case number is Case No. C 06-**4772 NJV** (PR).

statement for the previous six months. The Clerk sent a notice to Plaintiff, informing him that his action could not go forward until he filed the necessary documents within thirty days, and that his failure to do so would result in dismissal of this action.

According to Plaintiff, on September 7, 2012, his wife, Sylvia Lopez,

> sent a money gram money order to the U.S. Dist. Court for $425.00 along with a letter which states what the payment was for . . . . $350.00 of it was for the filing fee payment for Case # C12-4277 YGR (PR) [the instant action] and the remaining $75.00 was payment to finish paying off the filing fee payment owed on Case # C06-4772 [NJV] (PR) [his prior action] from 2006.

(Mot. for Recons. ("Recons Docket No. 10") at 1-2.)

On September 14, 2012, the Court's electronic database entry on that date originally stated: "Filing fee: $ 117.66, receipt number 34611078673." (Original Docket No. 9.) Such an entry indicates that a partial payment from Plaintiff in the amount of $117.66 was supposed to have been applied toward the $350.00 filing fee in the instant action.[2] The receipt attached to this entry has a handwritten notation, which indicates that $117.66 was applied toward the filing fee in "12-4277" -- the numerical case number of instant action. (Mot. for Recons. ("Recons Docket No. 23"), Ex. C at 21.) However, the Court's Finance Office recently informed the undersigned judge that, in fact, no payment has been allocated to the instant action. Thus, the September 14, 2012 entry was in error and now states: "ERRONEOUSLY E-FILED, DISREGARD." (Updated Docket No. 9.) Instead, the $117.66 was applied toward the filing fee for Plaintiff's prior action, Case No. C 06-4772 NJV (PR).[3] In addition, the remaining $307.34 was applied toward the filing fee for Plaintiff's appeal of that same prior action.[4] Therefore, on September 14, 2012, the *official* records from Clerk and the

---

[2] The Court notes that the information relating to the $117.66 partial filing fee was not entered into the electronic database until October 31, 2012 -- the same date that the Order of Dismissal and Judgment were issued.

[3] The Court notes the printed "Case/Party" information on the receipt indicates that the $117.66 was applied to "D-CAN-3-06-CV-004722-001." (Recons Docket No. 23, Ex. C at 21.) However, the Court's Finance Office has confirmed that while the printed "Case/Party" information indicated the incorrect information, the $117.66 was applied to a 2006 case, "D-CAN-3-06-CV-00**4772**-001."

[4] The record shows that Plaintiff's prior 2006 action, Case No. C 06-4772 NJV, was reassigned to Magistrate Judge Nandor Vadas, who found on March 10, 2008 that Plaintiff's due process rights were not violated after a bench trial and issued judgment for Defendants. Plaintiff filed a notice of appeal on August 8, 2008. The filing fee for an appeal is $455.00. Because

2

Court's Finance Office indicated that Plaintiff had not paid the full $350.00 filing fee in the instant action, nor had he filed the necessary documents to complete his IFP application.

In an Order dated October 31, 2012, the Court determined that the deadline had passed and Plaintiff had not filed the necessary documents or paid the full filing fee. Therefore, the Court dismissed the action without prejudice to Plaintiff paying the filing fee or filing a complete IFP application.

In Plaintiff's motions for reconsideration, he requests the Court to reconsider its October 31, 2012 Order of Dismissal because it was in error "as the filing fee was payed [sic] in full on 9-7-12." (Recons. Docket No. 23 at 7; Ex. C at 19-20.) In a separate motion, Plaintiff also requests a reimbursement of an alleged overpayment of $75.00 applied toward the filing fee in his prior action, Case No. C 06-4772 NJV (PR).

For the reasons outlined below, the Court GRANTS Plaintiff's motions for reconsideration, directs the Clerk to REOPEN the instant action, and includes further instructions to the Clerk and the Court's Finance Office. The Court DENIES Plaintiff's "Motion for Reimbursement for Non-Pay of Extra $75.00 For Old Case [Case No. C 06-4772 NJV (PR)]."

## DISCUSSION

### I. Motions for Reconsideration

Where, as here, the Court's ruling has resulted in a final judgment or order, a motion for reconsideration may be based either on Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. Rule 59(e) is applicable to Plaintiff's motions for reconsideration, because his first

---

Plaintiff had been granted IFP status in his prior action, that status continued on appeal. The policy of the Clerk's Office with regard to checks received from the prison is as follows: When the Clerk's Office receives a check from the prison for a particular case for which the filing fee has already been paid in full, the Clerk's Office applies that check to payment of filing fees in the litigant's other cases. No refund is issued to the litigant until the filing fees for all his cases are paid in full. Therefore, in this instance, the Clerk and the Court's Finance Office applied his $425.00 money order -- albeit against Plaintiff's stated requests -- as follows: $117.66 to pay off the filing fee for Case No. C 06-4772 NJV (PR) and $307.34 to begin paying the filing fee for the appeal of that same case.

3

1  request (Docket No. 10) was submitted within the time frame for filing such a motion.[5] *See* Fed. R.
2  Civ. P. 59(e) (providing motion must be filed no more than ten days following entry of judgment).

3       A motion for reconsideration under Rule 59(e) should not be granted, absent highly unusual
4  circumstances, unless the district court is presented with newly discovered evidence, committed
5  clear error, or if there is an intervening change in the controlling law. *McDowell v. Calderon*, 197
6  F.3d 1253, 1254 (9th Cir. 1999) (quotation and citation omitted).

7       Here, Plaintiff claims that the Court should reconsider its dismissal of this action because he
8  sent the money to pay the full filing fee on September 7, 2012. Plaintiff has supplied sufficient
9  evidence in the form of his September 7, 2012 letter attached to his $425.00 money order, indicating
10 that he specifically requested the Clerk to apply $350.00 to pay the filing fee in full in the instant
11 action. (Recons. Docket No. 23 at 19-20.) While the Clerk received the $425.00 money order, it did
12 not apply the funds as he requested. Thus, the Court dismissed the instant action because, at the
13 time of dismissal, the official records indicated that the Court's Finance Office did not receive the
14 full filing fee by the deadline. Had Plaintiff's instructions been followed, the full filing fee of
15 $350.00 would have been reflected as paid in the instant action prior to the deadline, and the Court
16 would not have dismissed this action. The Court finds that the dismissal was in error; therefore, the
17 non-payment was not Plaintiff's fault. Under these circumstances, the Court finds that it committed
18 clear error, and such a finding is adequate basis for granting reconsideration of the dismissal of this
19 action. *See McDowell*, 197 F.3d at 1254.

20      Accordingly, Plaintiff's motions for reconsideration (Docket Nos. 10, 16, 23) are
21 GRANTED. The Clerk is directed to REOPEN this action and honor Plaintiff's requests in his
22 September 7, 2012 letter attached to the $425.00 money order. The Clerk and the Court's Finance
23 Office are directed to reallocate the funds from Plaintiff's $425.00 money order and apply $350.00
24 toward the filing fee for the instant action. Once the $350.00 is applied toward the filing fee in the

---

[5] Pursuant to the mailbox rule, Plaintiff's first motion for reconsideration (Docket No. 10) was deemed filed on the date it was signed and handed to prison authorities for mailing -- November 6, 2012, which is six days after the Court entered judgment on October 31, 2012. *See Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003) (To benefit from the mailbox rule, a prisoner must meet two requirements: (1) he must be proceeding without assistance of counsel, and (2) he must deliver his filing to prison authorities for forwarding to the Court.).

1  instant action, the Clerk and the Court's Finance Office shall file and provide to Plaintiff a Case
2  Inquiry Report indicating that the filing fee has been paid in full.  At that time, the Court will review
3  Plaintiff's complaint in a separate written Order.

4  **II.     Motion for Reimbursement of $75.00 Overpayment in Case No. C 06-4772 NJV (PR)**

5  First, due to the errors discussed above, the Court's electronic database for Plaintiff's prior
6  2006 action, Case No. C 06-4772 NJV (PR), originally indicated that he had paid the filing fee in
7  full on September 14, 2012.  (Original Docket No. 95 in  Case No. C 06-4772 NJV (PR).)
8  Specifically, the September 14, 2012 Case Inquiry Report indicated that Plaintiff's payments were
9  applied in the following installments on these dates:

| Date | Amount |
|---|---|
| 02/08/2010 | $1.78 |
| 01/18/2012 | $2.56 |
| 02/10/2012 | $20.00 |
| 04/11/2012 | $20.00 |
| 05/10/2012 | $60.00 |
| 07/10/2012 | $40.00 |
| 08/07/2012 | $20.00 |
| 09/12/2012 | $25.66 |
| 09/12/2012 | $42.34 |
| **09/14/2012** | **$17.66** |
| **09/14/2012** | **$100.00** |
| TOTAL | $ 350.00 |

(*Id.* (emphasis added).)   However, while Plaintiff requested that only $75.00 be applied toward the filing fee for his prior action, the incorrect amount of $117.66 ($17.66 plus $100.00) was applied on September 14, 2012, as highlighted above in bold.  (*Id.*)  Because the Court has now instructed the Clerk to honor Plaintiff's requests relating to the $425.00 money order, **only $75.00 out of the aforementioned $117.66 will be allocated to his prior action leaving a remaining balance of $42.66** ($117.66 minus $75.00).  This balance of $42.66 shall be (i) reallocated toward the filing fee

5

in the instant action, and, (ii) as a consequence, will remain outstanding in his prior 2006 action. The September 14, 2012 entry stating the filing fee was paid in full is now in error; therefore, an updated entry states: "ERRONEOUSLY E-FILED, DISREGARD."  (Updated Docket No. 95 in Case No. C 06-4772 NJV (PR).)

Second, with respect to the $307.34 applied toward the filing fee of the appeal of his prior 2006 action, the full amount shall be reallocated toward the filing fee in the instant action to honor Plaintiff's request of paying the $350.00 ($42.66 plus $307.34) filing fee in full.  As such, Plaintiff will still have an outstanding balance for the filing fee for his appeal of his prior action.  The September 14, 2012 entry stating the $307.34 was applied toward the filing fee for Plaintiff's appeal is now in error; therefore, an updated entry states: "ERRONEOUSLY E-FILED, DISREGARD." (Updated Docket No. 94 in  Case No. C 06-4772 NJV (PR).)

In sum, the Court's current calculations do not show overpayment in the filing fees of Plaintiff's prior action or the appeal of that case.  Plaintiff's "Motion for Reimbursement for Non-Pay of Extra $75.00 For Old Case [Case No. C 06-4772 NJV (PR)]" (Docket No. 11) is DENIED.

In order to clearly reflect how much Plaintiff owes in his prior action and the appeal of that action, the Clerk and the Court's Finance Office shall file and provide to Plaintiff Case Inquiry Reports indicating the remaining outstanding balances in those accounts.

## CONCLUSION

For the reasons outlined above, the Court orders as follows:

1. Plaintiff's motions for reconsideration (Docket Nos. 10, 16, 23) are GRANTED. The Clerk is directed to REOPEN this action.

2. Plaintiff's "Motion for Reimbursement for Non-Pay of Extra $75.00 For Old Case [Case No. C 06-4772 NJV (PR)]" (Docket No. 11) is DENIED.

3. The Clerk and the Court's Finance Office are instructed to do as follows: (1) reallocate the funds from Plaintiff's $425.00 money order and apply $350.00 to the instant action, Case No. C 12-4277 YGR (PR), and $75.00 to his prior action, Case No. C 06-4772 NJV (PR); and (2) file in the Court's electronic database and provide to Plaintiff Case Inquiry Reports indicating: (a) that the $350.00 filing fee in the instant action has been paid in full; and (b) the remaining

1  outstanding balances Plaintiff owes in his prior action and the appeal of that action.

2      4.    The Court will review Plaintiff's complaint in a separate written Order after the Clerk
3  and the Court's Finance Office have applied the $350.00 toward the filing fee in the instant action.

4      5.    The Clerk shall forward a copy of this Order to the Court's Finance Office.

5      6.    This Order terminates Docket Nos. 10, 11, 16, and 23.

6  **IT IS SO ORDERED**.

7  DATED: September 30, 2013

8      **YVONNE GONZALEZ ROGERS**
    **UNITED STATES DISTRICT COURT JUDGE**