IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOSE CARLOS LOPEZ,

    Plaintiff,

vs.

G. D. LEWIS, et al.,

    Defendants.

No. C 12-4277 YGR (PR)

**ORDER TO SHOW CAUSE WHY CLAIMS AGAINST UNSERVED NAMED DEFENDANTS SHOULD NOT BE DISMISSED**

    This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner. On August 14, 2012, Plaintiff was ordered to file a complete application to proceed *in forma pauperis* ("IFP"), or pay the filing fee of $350.00, within thirty days or face dismissal of the action.

    In an Order dated October 31, 2012, the Court determined that the deadline had passed and Plaintiff had not filed a complete IFP application or paid the full filing fee. Therefore, the Court dismissed the action without prejudice to Plaintiff paying the full filing fee or filing a complete IFP application.

    In an Order dated September 30, 2013, the Court granted Plaintiff's motions for reconsideration and reopened this action upon confirming that the non-payment of the filing fee was not his fault. Dkt. 24. The Court determined that its October 31, 2012 dismissal was in error because Plaintiff had in fact attempted to pay the full filing fee of $350.00, but the Court's Finance Office applied the funds to pay the balances of his previous cases, even though he specifically requested that the funds be used to pay the filing fee in the instant action. Dkt. 24 at 4.

    After this action was reopened, Plaintiff filed an amended complaint. Dkt. 27.

    Plaintiff has since filed a second amended complaint ("SAC"), which will be considered the operative complaint in this action. Dkt. 28. Venue is proper because the events giving rise to the claim are alleged to have occurred at Pelican Bay State Prison ("PBSP"), which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

    In his SAC, Plaintiff names the following Defendants from PBSP: Warden G. D Lewis; Associate Wardens D. G. Adams and F. Jacquez. Lieutenants T. Wood, D. Barneburg and J. A.

McKinney; Sergeant D. Short; Assistant Institutional Gang Investigator S. Burris; and Office of Correctional Safety Special Agent C. M. Rogers.  Plaintiff seeks monetary damages and injunctive relief.

To date, Plaintiff has not filed a proof of service on any of the Defendants named above.

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If service of a summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  Here, Plaintiff's complaint has been pending for over 120 days and thus, absent a showing of "good cause," claims against the unserved defendants are subject to dismissal without prejudice.  *See* Fed. R. Civ. P. 4(m).

Recognizing the fact that he is an incarcerated *pro se* litigant, the Court finds good cause exists to extend the service deadline under Rule 4(m).  Within **sixty (60) days** from the date of this Order, Plaintiff shall file proof that he has served the named Defendants.  The failure to do so will result in the dismissal of all claims against these named Defendants without prejudice.

Even if a prisoner pays the fee and serves the complaint on his own, the Court is still required to review the action before it can proceed.  *See* 28 U.S.C. § 1915A(a) (federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.)  Once Plaintiff has filed proof that he has served the named Defendants, the Court will screen the SAC in a separate written order.

## CONCLUSION

In light of the foregoing, the Court orders as follows:

1.    Within **sixty (60) days** of the date this Order is filed Plaintiff shall either provide the Court with proof of service of the summons and complaint upon the aforementioned Defendants, or otherwise show cause why the complaint should not be dismissed without prejudice as to each unserved Defendant pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

2.    It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

3.  Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

IT IS SO ORDERED.

DATED: August 25, 2014

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**