UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSE CARLOS LOPEZ,

    Plaintiff,

  v.

G. D. LEWIS, et al.,

    Defendants.

Case No. 12-cv-04277-YGR (PR)

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

Plaintiff Jose Carlos Lopez filed a *pro se* civil rights action under 42 U.S.C. § 1983 against Warden G. D Lewis; Associate Wardens D. G. Adams and F. Jacquez; Lieutenants T. Wood, D. Barneburg and J. A. McKinney; Sergeant D. Short; Assistant Institutional Gang Investigator S. Burris; and Office of Correctional Safety Special Agent C. M. Rogers, all prison officials at Pelican Bay State Prison ("PBSP"). Plaintiff has since filed a Second Amended Complaint ("SAC"), which is the operative complaint against the aforementioned Defendants, seeking monetary damages and injunctive relief. He has paid the full $350.00 filing fee.

In an Order dated August 25, 2014, the Court warned Plaintiff that because the SAC was pending for over 120 days and service upon Defendants had not been effectuated, the action was subject to dismissal under Rule 4(m) of the Federal Rules of Civil Procedure, which provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Accordingly, the Court gave Plaintiff an additional sixty days from the order, i.e., until October 24, 2014, to either serve Defendants with the summons and complaint in accordance with Rule 4(m) and provide the Court with proof of such service or otherwise show cause why the complaint should not be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. To date, Plaintiff has not responded to the Court's August 24, 2014 Order.

The SAC has been pending for over 120 days, and service upon defendants has not been effectuated.[1]  Plaintiff has failed to show cause why the SAC should not be dismissed without prejudice pursuant to Rule 4(m).  *See, e.g.*, *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (finding dismissal of defendant under former version of Rule 4(m) appropriate where incarcerated plaintiff, proceeding *pro se*, failed to provide Marshal with sufficient information to serve defendant or to show he had in fact requested that defendant be served).  Accordingly, the SAC is DISMISSED without prejudice pursuant to Rule 4(m).

The Clerk of the Court shall enter judgment, terminate all pending motions as moot, and close the file.

IT IS SO ORDERED.

Dated:  December 15, 2014

YVONNE GONZALEZ ROGERS
United States District Judge

---

[1] Because Plaintiff is not proceeding *in forma pauperis* in this action, he may not rely on the United States Marshal or the officers of the Court for service.  *Cf.* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(2).